UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSEPH GREENE, JR.,<br>　　　Plaintiff, | No. 3:16-CV-00413 (VLB) |
| v. | February 22, 2018 |
| PATRICIA RICHARDS, CLASP, INC.,<br>　　　Defendants. | |

## MEMORANDUM OF DECISION ON MOTION TO DISMISS [DKT. 30]

Plaintiff Joseph Greene, Jr. ("Plaintiff" or "Greene") brings this unlawful employment termination case against CLASP, Inc. ("CLASP")[1] and Patricia Richards ("Richards") (collectively, "Defendants"). Plaintiff contends that CLASP as a quasi-governmental entity and Richards acting in her official capacity violated his Fourteenth Amendment procedural due process rights and conspired with the Department of Developmental Services ("DDS") pursuant to 42 U.S.C. § 1983 in investigating, reporting, and testifying about allegations of Plaintiff's sexual abuse of a CLASP resident, which ultimately ended in Plaintiff's termination. Before the Court is Defendants' motion to dismiss. For the foregoing reasons, the Court GRANTS the motion.

---

[1] "CLASP, Inc." is the named Defendant in this case, but counsel entered an appearance on behalf of CLASP Homes, Inc. *See* [Dkt. 10 (Attorney Shea Appearance); Dkt. 11 (Attorney Theriault Appearance)]. The Court acknowledges Plaintiff may have failed to properly serve CLASP, Inc., but any defect may have been waived pursuant to Fed. R. Civ. P. 12(h). The Court need not rule on this issue in any event, because the Second Amended Complaint does not support liability against either entity for the reasons set forth in this decision.

1

I.  **Background**

The Court takes as true the allegations in the Second Amended Complaint for the purposes of this motion, although it notes the factual allegations are not set forth in chronological order and fail to constitute short, plain statements as required under Rule 8(a) of the Federal Rules of Civil Procedure. CLASP is a residential group home licensed and funded by DDS. [Dkt. 29 (Second Am. Compl.) ¶ 11]. Defendant Patricia Richards was the Vice President of Quality Assurance and Staff Training at the times relevant to this case. *Id.* Greene was employed by CLASP as a part-time Residential Instructor at the Westport, CT facility. *Id.* ¶ 7. He worked for nine years on a schedule where he started on Friday at 5:00 PM and ended on Saturday at 12:00 PM. *See id.* ¶ 17.

Plaintiff was alleged to have watched a CLASP resident "during his private time" and encouraged him to engage in sexual contact and conduct on October 3, 2014. *Id.* ¶¶ 13, 22. Greene denies this incident occurred. *Id.* ¶ 24. Plaintiff alleges that prior to this incident he had not been disciplined for improper or untruthful behavior. *Id.* ¶ 160.

According to Plaintiff, the resident "regularly engaged in random and unjustified targeting of CLASP staff," which included comments about violence targeted at staff and statements that he would get staff fired. *Id.* ¶ 162. The resident is purported to have a history of physical and verbal aggression, threats of harm against others, inappropriate sexual behavior, vulgar language, and repeating the lyrics of sexually explicit rap songs. *Id.* ¶ 166. In addition, the

resident previously received a sanction for "obsessing about rap music," verbalizing rap lyrics, using racial slurs, yelling and swearing at residents and staff. *Id.* ¶ 169. Residential instructors were required to prevent the resident from taking personal time before he completed daily chores. *Id.* ¶ 174.

On October 10, 2014, Defendants initiated an investigation into the purported sexual abuse. *Id.* ¶ 20. The investigation entailed taking written statements from employees and residents. *Id.* ¶ 21. The Complaint alleges that "[s]ubsequently, DDS substantiated abuse." *Id.* ¶ 23. CLASP thereafter referred Plaintiff's name to the DDS Abuse and Neglect Registry ("Registry"). *Id.* ¶ 11. The Complaint alleges the police did not find probable cause for sexual assault. *Id.* ¶ 192.

Greene then received from the DDS a notice about a hearing to determine whether his name should be placed on the DDS Registry because of the October 3, 2014 incident. *Id.* The hearing took place on September 25, 2015. *Id.* ¶ 28. Defendant Richards testified that he engaged in inappropriate sexual behavior on more than one occasion. *Id.* ¶ 196. DDS concluded his name should be placed on the Registry. *Id.* ¶ 30. CLASP terminated his employment on October 29, 2016. *Id.* ¶ 46.

The Complaint alleges the placement of his name on the Registry "imposed a stigma on the plaintiff that deprives the plaintiff of any real opportunity to obtain other employment in The Industry." *Id.* ¶ 32. It also alleges that a background check will reveal the following information: that he "sexually abused

a department client while he was in his bedroom, by watching him during his private time and encouraging him to engage in sexual conduct and contact." *Id.* ¶ 33. Greene alleges that his personnel file is a public record under the Connecticut Freedom of Information Act because he was a "quasi-public sector employee." *Id.* ¶ 34.

Plaintiff alleges he was deprived his constitutionally protected liberty interest without due process when Defendants caused his name to be placed on the DDS Registry. *Id.* ¶ 1. Specifically, the Complaint alleges Greene was entitled to either a pre-deprivation name-clearing hearing or a post-deprivation hearing satisfying minimal due process requirements. *Id.* ¶ 53. He contends he suffered severe emotional distress and a loss of income and benefits as a result of his placement on the Registry. *Id.* ¶¶ 51, 70-71. Plaintiff seeks declaratory, injunctive, and equitable relief as well as attorney's fees.

## II. Legal Standard

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a motion to dismiss for failure to state a claim, the Court should follow a "two-pronged approach" to evaluate the sufficiency of the complaint. *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010). "A court 'can

4

choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). "At the second step, a court should determine whether the 'wellpleaded factual allegations,' assumed to be true, 'plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (internal quotations omitted).

In general, the Court's review on a motion to dismiss pursuant to Rule 12(b)(6) "is limited to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). The Court may also consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993).

III. <u>Analysis</u>

Connecticut legislation sets forth a standard for reporting abuse and neglect of those with intellectual disabilities and those who receive services from the DDS Division of Autism Spectrum Disorder Services. Specifically, § 46a-11b(a) of the General Statutes of Connecticut provides that certain professionals including, "any person paid for caring for persons in any facility," who [have] reasonable cause to suspect or believe that any person with intellectual disability

or any person who receives services from the Department of Social Services' Division of Autism Spectrum Disorder Services has been abused or neglected shall" within 72 hours of developing such reasonable cause to suspect or believe "report such information or cause a report to be made in any reasonable manner to the commissioner." Conn. Gen. Stat. § 46a-11b(a). "Any other person" who develops such reasonable cause "may report such information, in any reasonable manner, to the commissioner." Conn. Gen. Stat. § 46a-11b(d). It is under § 46a-11b that the allegation of Plaintiff's sexual abuse of a CLASP resident was reported to the DDS. *See* [Dkt. 30-1 (Mem. Mot. Dismiss) at 7-8; Dkt. 31 (Opp'n) at 3-5].

Once an abuse is reported, an authorized agency must conduct an independent investigation or "independently monitor and evaluate the merits and adequacy of the investigation conducted by or on behalf of the employer or other investigative authority . . . [and] confirm that the finding(s) are supported by a preponderance of the evidence." Regs. Conn. State Agencies § 17a-247e-2(f).[2] Included among the enumerated "authorized agencies" is the DDS. Regs. Conn. State Agencies § 17a-247e-2(b); 2007 P.A. No. 07-73 § 1 (renaming the Department of Mental Retardation to the DDS). There is no indication that CLASP or any other type of non-profit organization is authorized to make this determination. The Complaint alleges the DDS substantiated abuse, although it does not specify the process by which the DDS made its determination. *See* [Dkt. 29 ¶23].

---

[2] Conn. Gen. Stat. § 17a-247e requires the DDS to "adopt regulations, in accordance with the provisions of chapter 54, to implement the provisions of sections 17a-247b to 17a-247e, inclusive."

When abuse is substantiated, an employer is required to submit to the DDS the name of any "former employee who has been terminated or separated from employment for such abuse or neglect" within five business days. Conn. Gen. Stat. § 17a-247b(e). Plaintiff alleges Defendant Richards reported his name to the DDS. *See* [Dkt. 29 ¶ 11]. The Complaint alleges "[a]s a result of the allegations being substantiated the plaintiff, Joseph Greene's, employment at CLASP was terminated" on October 29, 2016. [Dkt. 29 ¶¶ 45-46]. Because Plaintiff does not challenge the propriety of Richards's reporting, and in assuming the truth of the Second Amended Complaint for the purposes of this motion, the Court infers that Plaintiff was "separated from employment"[3] at the time when Richards referred Plaintiff's case to the DDS.

The DDS is required to maintain a "registry of employees who have been terminated or separated from employment for substantiated abuse or neglect." Conn. Gen. Stat. § 17a-247b(a). The DDS is not permitted to place an individual's name on the Registry without conducting a hearing. *See* Conn. Gen. Stat. § 17a-247b(e). It is undisputed that Plaintiff received notice of a hearing, and it was later held on September 25, 2015. *See* [Dkt. 29 ¶¶ 23, 30].

The Complaint alleges that Defendants violated his procedural due process rights by (1) depriving him of a name-clearing hearing, [Dkt. 29 ¶ 61]; (2) failing to provide evidence of his charges until the hearing, *id.* ¶ 67; and (3) substantiating

---

[3] "Separated from employment" is defined as "in lieu or prior to being terminated from employment for abuse or neglect that is later substantiated, an employee resigns, abandons or otherwise leaves employment." Regs. Conn. State. Agencies § 17a-247e-1(3).

7

the abuse without establishing by a preponderance of the evidence that abuse occurred, *id.* ¶ 75. The task of substantiating abuse and holding a hearing are expressly those of the DDS, not CLASP. *See* Regs. Conn. State Agencies § 17a-247e-2(b),(f). Indeed, Greene acknowledges that CLASP did not conduct the hearing or render a ruling. *See* [Dkt. 31 at 7]. Any procedural due process violations against CLASP and Richards on these grounds are unavailing, as the allegations indicate CLASP investigated and reported the abuse exactly as the statutes required. Given the severity of the accusations, CLASP and Richards had little to no discretion about reporting the matter. *See* Conn. Gen. Stat. § 46a-11b(a), (d). Greene has not presented any facts demonstrating CLASP's and Richards's conduct violated his procedural due process rights under Fourteenth Amendment with respect to the allegations related to the hearing. Therefore, the procedural due process violation claimed against CLASP and Richards are DISMISSED for failure to state a claim upon which relief may be granted.

The second cause of action is a § 1983 conspiracy claim against CLASP for which Plaintiff claims CLASP "acted in concert" with the other Defendants in "fail[ing] to provide the plaintiff with a meaningful trial type, name-clearing hearing," either pre- or post-placement of his name on the Registry. [Dkt. 31 at 7-8]. It appears as if Plaintiff seeks to hold CLASP liable for "disseminating false and stigmatizing information about him after he was terminated from his employment as a Residential Instructor at CLASP." [Dkt. 31 at 2 of PDF]. Plaintiff then argues, "Thereafter, the inadequate post-termination hearing process infringed on his constitutionally protected liberty interest to secure future

employment in his chosen profession." *Id.* This argument suggests that CLASP terminated his employment *prior* to the hearing on September 25, 2015, which is the only hearing alleged to have taken place. Yet he alleges his employment was terminated on October 29, 2016. *See* [Dkt. 29 ¶ 46]. The Complaint's factual inconsistencies fail to satisfy Rule 8(a) of the Federal Rules of Civil Procedure as they do not enable the court to draw any reasonable inferences about liability and fail to plead a "short and plain statement" giving rise to relief. *See Iqbal*, 556 U.S. at 678.

In addition, Defendant rightly points out that CLASP's and Richards's assistance to the DDS renders them immune under Conn. Gen. Stat. § 17a-247b(g). Subsection (g) provides,

> No employer shall be liable in any civil action for damages brought by an employee, former employee or an applicant for employment whose name appears on the registry established by this section arising out of the conduct of the employer in (1) making any report in good faith pursuant to subsection (e) of this section, (2) testifying under oath in any administrative or judicial proceeding arising from such report, (3) refusing to hire or to retain any person whose name appears on the registry established under this section, or (4) taking any other action to conform to the requirements of this section. The immunity provided in this subsection shall not apply to gross negligence or to wilful or wanton misconduct.

Conn. Gen. Stat. § 17a-247b(g). To avoid immunity, Plaintiff would have to demonstrate the report was not made in good faith or that any actions were either grossly negligent or willful or wanton.

Plaintiff acknowledges § 17a-247b(g) is applicable here but contends the exception applies. *See* [Dkt. 31 at 4]. He is incorrect. The Complaint alleges facts indicating the CLASP resident targeted CLASP staff, was verbally and physically

aggressive, used vulgar and sexually and racially inappropriate language, and was sanctioned on several occasions. *See* [Dkt. 29 ¶¶ 160, 162, 166, 169, 174]. Whether or not these allegations are true, they have no bearing on CLASP's investigation other than to speak to the resident's credibility. But this is not an issue in the case. Indeed, it is equally possible that a resident with these qualities could be abused when compared to any other resident. It is also possible that both an employee with no discipline record, such as Plaintiff, *see id.* ¶ 160, and an employee with a lengthy discipline record could abuse a person. The Court will not consider Plaintiff's allegation that CLASP, by and through Richards, "rushed to judgment" and reported the incident to the resident's family and the police; such an allegation is a mere conclusory opinion not entitled to the assumption of truth. *Hayden*, 594 F.3d at 161. Finally, Connecticut statutes controlled CLASP employees with respect to reporting even reasonably suspected incidents of abuse or neglect. *See* Conn. Gen. Stat. § 46a-11b(a), (d). This is a very low standard of proof which did not impose upon CLASP any duty other than to act reasonably. This is a standard akin to the probable cause standard imposed on law enforcement officers. Such officers are not required to resolve disputed questions of fact, but rather refer colorable complaints to prosecutorial authorities and judges for disposition. *See, e.g., Massameno v. Statewide Grievance Comm.*, 234 Conn. 539, 575, 663 A.2d 317, 336 (1995) ("Prosecutors have enormous discretion in deciding which citizens should be prosecuted and for what charges they are to be held accountable. The prosecutor is also the one to decide whether to offer a certain plea or

disposition."); Conn. Gen. Stat. § 54-2a (conferring authority on judge designated to specific criminal case to issue bench warrants, subpoenas, capias, and other criminal process).

By failing to plead any facts addressing CLASP's investigation or the circumstances surrounding the testimony at the hearing held September 25, 2015, the Court cannot and will not assume these Defendants acted in bad faith, with gross negligence, or with wilful and wanton misconduct. *Id.* Therefore, CLASP is immune from suit regarding its assistance to the DDS.

Notwithstanding this determination, the Court also notes the § 1983 conspiracy fails to state a claim because it fails to allege how CLASP "acted in concert" with the DDS "to commit an unconstitutional act." *Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002). Rather, the facts only indicate DDS complied with its statutory requirements under Conn. Gen. Stat. § 17a-247b in investigating, reporting, and testifying about the accusations of sexual abuse. The Court need not address whether Plaintiff properly exhausted his administrative remedies as this argument is now moot.

IV. Conclusion

For the aforementioned reasons, the claims against CLASP and Richardson are DISMISSED. The Clerk is directed to close this case.

**IT IS SO ORDERED**

_____/s/_____

**Hon. Vanessa L. Bryant
United States District Judge**

**Dated at Hartford, Connecticut: February 22, 2018**